UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAUSCH HEALTH IRELAND LIMITED, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PADAGIS ISRAEL PHARMACEUTICALS LIMITED, *et al.*, <br><br> Defendants. | Civil Action No. 20-5426 (SRC) (CLW) <br> (CONSOLIDATED) <br><br> *Document Electronically Filed* <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having been brought before the Court upon Plaintiffs' Motion to Seal, by and through their counsel, for an Order sealing materials pursuant to Local Civil Rule 5.3(c); and the Court having reviewed the submissions in support of the Motion to Seal; and no parties having objected; the following shall constitute the findings of fact and conclusions of law and Order of the Court:

**FINDINGS OF FACT**

1. On October 4, 6, and 7, 2022, a bench trial was held before the Honorable Stanley R. Chesler, U.S.D.J. Portions of the transcripts of that trial and certain trial exhibits, all of which have been identified in Plaintiffs' Index in Support of Motion to Seal, contain information designated confidential by Plaintiffs (the "Confidential Information").

2. The Confidential Information that is the subject of this Motion reveals, contains, and/or reflects Plaintiffs' confidential and proprietary development, technical, and marketing information, as well as confidential financial information including revenues, profits, costs, sales, and other financial information of Plaintiffs. Further, this information is presently confidential and unavailable to the public.

3. Plaintiffs have a legitimate interest in maintaining the confidentiality of the Confidential Information, as Plaintiffs have stated that the information sought to be sealed is unavailable to the public and that Plaintiffs have taken substantial efforts to ensure that all such confidential information is maintained as confidential. The interests of the public that warrant sealing include the interest of not burdening litigants' access to the Court by requiring public disclosure of confidential information as a condition of litigating their rights. No interest of the public warrants disclosure of the Confidential Information.

4. The clearly defined and serious injury that would result should the Confidential Information not be sealed include commercial injury and harm to competitive positions.

5. Plaintiffs have sought only to seal the limited portions of the transcripts and the trial exhibits identified in Plaintiffs' Index in Support of Motion to Seal. There is no less restrictive means for preserving the confidentiality of this information.

6. There are no objections to the Motion to Seal.

## CONCLUSIONS OF LAW

7. This Court, having considered this matter pursuant to Local Civil Rule 5.3, and the submissions in support of the Motion, finds that Plaintiffs have satisfied their burden under Local Civil Rule 5.3(c) that the information sought to be sealed contains confidential information that warrants sealing.

8. Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute and the presumption of public access is rebuttable. *See In re Cendant Corp.*, 260 F.3d 183, 192, 194 (3d Cir. 2001). The party seeking to seal part of the judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d

Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has power to seal confidential information based on its inherent supervisory authority over its own records and files in order to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendant Corp.*, 260 F.3d at 194.

9. Good cause to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994). "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Publicker*, 733 F.2d at 1071). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citing *Leucadia Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993)); *see Publicker*, 733 F.2d at 1071 ("protection of a party's interest in confidential commercial information" is an exception to the right of public access); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.")

10. Local Civil Rule 5.3(c) requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

11. The Court finds that good cause exists for protecting Plaintiffs' Confidential Information.

12. The Court finds that the Confidential Information identified in Plaintiffs' Index in Support of Motion to Seal satisfies the standards set forth in Local Civil Rule 5.3.

**IT IS** this 17th day of October, 2022,

**ORDERED** that the Motion to Seal, (ECF No. 212), be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain under seal the materials identified in Plaintiffs' Index in Support of Motion to Seal.

                                                  s/ Cathy L. Waldor
                                                  Hon. Cathy L. Waldor, U.S.M.J.